IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2652-SMY |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff William Baker seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration, pursuant to 42 U.S.C. § 405(g) (Doc. 1). That decision denied Baker's claim for social security benefits. Now pending before the Court is Baker's motion for leave to proceed *in forma pauperis* ("IFP"), without prepaying the filing fee (Doc. 2).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to scrutinize the complaint filed by an indigent plaintiff and dismiss the complaint, if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While § 1915 generally applies to *pro se* litigants, SDIL Local Rule 3.1(c)(1) contemplates that pauper status may be granted to an applicant who is represented by an attorney, as in this case.

Baker has submitted the requisite affidavit (Doc. 2) indicating that he has neither income nor savings. Based on this information, the Court is satisfied that Baker is indigent within the meaning of § 1915(a)(1) and the $400.00 filing fee would present a significant hardship on him. Further, the Court does not find the claims asserted in the Complaint to be frivolous. Accordingly, the Court **GRANTS** the Motion to Proceed *in forma pauperis* without prepayment of fees or costs (Doc. 2).

Typically, after granting pauper status, the Court would direct the Clerk's Office to prepare and issue summons for the named defendant. However, Baker is represented by counsel: Rory Linerud of Salem, Oregon. Therefore, the Court leaves to Counsel the responsibility of accomplishing service of process. If Mr. Linerud believes that 28 U.S.C. § 1915(d) or Federal Rule of Civil Procedure 4(c)(3) requires the United States Marshal to serve process in this case, he should immediately file a motion with the Court.

**IT IS SO ORDERED.**

**DATED: December 15, 2022**

*/s/ Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**